FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN L. CORRIGAN, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>GRANT COUNTY, a municipal corporation; D. ANGUS LEE; PATRICK D. SCHAFF; RYAN J. ELLERSICK; DOUGLAS R. MITCHELL; JANIS M. WHITENER-MOBERG; BRIAN D. BARLOW; TIMOTHY KRON; TOM JONES; SCOTT PONOZZO; JOHN A. ANTOSZ,<br><br>    Defendants. | No. 1:16-CV-03175-SMJ<br><br>**ORDER GRANTING DEFENDANT KRON'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |

## I.    INTRODUCTION

Before the Court, without oral argument, are Defendant Timothy Kron's Motion and Memorandum for Summary Judgment, ECF No. 11, and Plaintiff John L. Corrigan's Motion and Memorandum for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, ECF No. 21. Through his motion Kron seeks an order dismissing Plaintiff John L. Corrigan's claims against him. ECF No. 11 at 1. Corrigan opposes the motion and asks that the Court defer

consideration of the motion so that he may obtain discovery to oppose Kron's summary judgment motion. ECF No. 18. As to Corrigan's sanctions motion, Corrigan asserts that Kron's summary judgment motion is meritless and urges the Court to issue sanctions. ECF No. 21. Kron opposes the motion. ECF No. 24. Having reviewed the pleadings and the file in this matter, the Court is fully informed and for the reasons detailed below, grants Kron's motion for summary judgment motion and denies Corrigan's sanctions motion.

## II. BACKGROUND

Plaintiff Corrigan filed this lawsuit in Kittitas County Superior Court on September 15, 2016. ECF No. 1-1. The case arises from events that took place in April 2011. ECF No. 1-1 at 11–15. Corrigan alleges that while he was driving on I-90 from Spokane to Seattle, State Trooper Timothy Kron attempted to pull him over in an unmarked police vehicle. *Id.* at 11. Corrigan did not stop until about eight miles later and after Trooper Iverson joined the pursuit in a marked police car. *Id.* at 12. Corrigan alleges that the officers handled him roughly by, among other things putting him face down in a police vehicle wedged into the foot well with the door unable to close, and that he spent a night in jail. *Id.* at 12–13. Corrigan also maintains that Kron spoke to Deputy Prosecutor Mitchell on the phone more than once during the stop. ECF No. 1-1 at 13.

Two legal actions resulted from this event—a civil case over his speeding ticket and a criminal case involving Corrigan's refusal to pull over. ECF No. 1-1 at 13. The speeding ticket was dismissed but Corrigan was convicted for failing to stop. *Id.* On appeal, the conviction was overturned. *Id.* at 13–14. The criminal action eventually ended up in District Court. ECF No. 1-1 at 14.

The prosecutor refiled a criminal complaint against Corrigan in July 2013. ECF No. 1-1 at 14. Corrigan's complaint in state court—the one removed to this Court—does not identify the state charges against him in July 2013, however he indicates that a trial was held and he was found guilty. *Id.* He appealed his conviction to the Washington State Superior Court, Court of Appeals, and Supreme Court and the United States Supreme Court, all of which denied his appeals and/or request for appeal. ECF No. 1-1 at 14–15.

Corrigan also filed a case in federal court in March 2013 concerning these same events and named Trooper Timothy Kron, among others, as defendant. ECF No. 2:13-cv-0116-TOR. On December 10, 2013, Chief Judge Rice granted defendants' motion for summary judgment in that action and closed Corrigan's case. ECF No. 47 of 2:13-cv-0116-TOR.

After Corrigan filed the present suit, Defendants removed the case to this Court on October 4, 2016. ECF No. 1. Corrigan asserts several causes of action: (1) violation of his federal constitutional rights to due process and fair trial

pursuant to 42 U.S.C. § 1983; (2) alleged violations of his First Amendment rights by Trooper Kron for arresting him without probable cause pursuant to 42 U.S.C. § 1983; (3) a claim for alleged denial of due process under the Fifth and Fourteenth Amendments and the Washington State Constitution, Article 1, section 22; (4) "abuse of process"; (5) negligent hiring, supervision, and training; (6) spoliation of evidence. ECF No. 1-1 at 15–18.

## III. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.      Res Judicata**

Res judicata applies when "there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F. 3d 1161, 1164 (9th Cir. 2016) (citation and quotation marks omitted); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F. 3d 1064, 1077 (9th Cir. 2003). In the Ninth Circuit, courts apply the following four-part test to determine whether an identity of claims exists: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (citation and quotation marks omitted); *see also Frank v. United Airlines, Inc.*, 216 F. 3d 845 (9th Cir. 2000) (stating that *Constantini* sets forth the test for identity of claims); *Smith v.*

*Arizona*, 620 Fed. App'x 574, 576 (9th Cir. 2015) (applying the four-part test). The most important factor, however, is whether the two suits at issue arise out of the same transactional nucleus of facts. *Smith*, 620 Fed. App'x at 576.

**IV.  DISCUSSION**

Corrigan resists Kron's motion for summary judgment by first asking the Court to deny the motion. ECF No. 18. Short of that, Corrigan asks the Court to "defer consideration of the motion . . . to allow [him] a reasonable opportunity to take discovery and present facts essential" to his opposition. *Id.* at 1–2. However, for the reasons detailed below, Corrigan's present claims against Trooper Kron are precluded and this Court must grant the motion for summary judgment.

**A.  The doctrine of res judicata applies to Corrigan's claims against Kron.**

As noted above, res judicata applies when "there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz*, 824 F. 3d at 1164. Defendant Kron argues that res judicata attaches here because of Chief Judge Rice's 2013 decision. ECF No. 11 at 6. The latter two factors—final judgment on the merits and identify of privity between the parties—are not in dispute since Chief Judge Rice's order is a final judgment on the merits and this action involves the same parties. *See* ECF No. 47 of No. 2:13-cv-0116-TOR. Accordingly, whether or not res judicata applies here turns on whether there is an identity of claims.

An identity of claims "exists when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078. New legal claims based on the same nucleus of facts may still be subject to res judicata if the claims could have been brought in the earlier action. *Id.*

Here, the only cause of action Corrigan asserts against Trooper Kron states in its entirety the following:

> First Amendment. 42 U.S.C. § 1983 and RCW 9.62.010. The First Amendment to the United States Constitution prohibits the government from retaliating or taking adverse action against persons for protected speech. Officer Kron arrested Corrigan making false statements. It was illegal activity on the part of Officer Kron who had no probable cause to arrest Corrigan. Kron was on/off phone with Grant County Deputy Prosecutor Mitchell who was advising Kron. The Grant County Prosecutor's Office (Lee, Ellersick and Schaff) reinstated an overturned conviction months after it was overturned in response to Corrigan's U.S.C. § 1983 lawsuit against Grant County. These actions constitute malicious and retaliatory prosecution, violations of the First Amendment and RCW 9.62.010. As direct and proximate result Corrigan sustained economic and non-economic damages in amounts to be proven at trial.

ECF No. 1-1 at 15–16.

Here, regarding whether Trooper Kron had probable cause to arrest Corrigan for the same incident in April 2011, Chief Judge Rice has already ruled that "Corrigan's claims [as to Troopers Kron and Iverson] of warrantless arrest and excessive force in violation of the Fourth Amendment lack foundation." ECF No. 47 at 27 of 2:13-cv-0116-TOR. That Corrigan asserted Fourth, Fifth, and Fourteenth Amendment claims, among others, in his 2013 case rather than a First

Amendment claim, as he does here, makes no difference. Corrigan could have raised a First Amendment claim there as well which means that an identity of claims exists. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078. Accordingly, all three elements for res judicata to apply exist here.

**B.  Allowing Corrigan to take discovery would not prevent the application of res judicata to his claims against Kron.**

Corrigan urges the Court to allow him to take discovery in this case and defer ruling on the present motion. *See* ECF No. 18. He asserts that he has been unable to obtain any discovery from Trooper Kron, and limited discovery from the other defendants. ECF No. 18 at 4. Corrigan's request fails because, as explained above, his claims against Kron are precluded because he could have asserted a First Amendment claim against Kron in his 2013 action. No new information obtained through discovery will change the fact that his claims are based on the same set of facts from his April 2011 stop. Accordingly, the Court denies his request to allow discovery from Trooper Kron.

**C.  Since Corrigan's claims against Trooper Kron are precluded, Trooper Kron's summary judgment motion is granted.**

There are no genuine issues of material fact as to the claims against Trooper Kron. Chief Judge Rice has adjudicated Corrigan's claims against Trooper Kron and Corrigan could have brought the First Amendment claim he now asserts at

that time. Since res judicata applies, Trooper Kron's summary judgment motion must be granted.

**D.  Kron's filing has merit and there is no basis for sanctions against his counsel.**

The Supreme Court has explained that "the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). It appears that Corrigan misunderstands the doctrine of res judicata and how it applies here to his claims against Trooper Kron. As detailed above, Kron's summary judgment motion has merit. Indeed, the Court has determined that it should be granted. Corrigan asserts a new claim against Trooper Kron based on the same facts that concerned Chief Judge Rice's earlier decision. Accordingly, Trooper Kron's motion is granted and there is no reason to issue sanctions as Corrigan requests.

## V.  CONCLUSION

For the reasons detailed above, the Court grants Defendant Kron's motion for summary judgment dismissing Corrigan's claims against him. The Court also denies Corrigan's sanctions motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Timothy Kron's Motion and Memorandum for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. Plaintiff John L. Corrigan's Motion and Memorandum for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, **ECF No. 21**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se Plaintiff.

**DATED** this 7th day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge