FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN L. CORRIGAN, SR.,<br><br>               Plaintiff,<br><br>v.<br><br>GRANT COUNTY, a municipal corporation; D. ANGUS LEE; PATRICK D. SCHAFF; RYAN J. ELLERSICK; DOUGLAS R. MITCHELL; JANIS M. WHITENER-MOBERG; BRIAN D. BARLOW; TIMOTHY KRON; TOM JONES; SCOTT PONOZZO; JOHN A. ANTOSZ,<br><br>               Defendants. | No.   1:16-cv-03175-SMJ<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT** |

## I.    INTRODUCTION

Before the Court, without oral argument, is Defendants Grant County, D. Angus Lee, Patrick D. Schaff, Ryan J. Ellersick, Douglass R. Mitchell, Janis M. Whitener-Moberg, Brian D. Barlow, Tom Jones, Scott Ponozzo, and John A. Antosz's (collectively "Defendants") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 22. Through this motion Defendants seek an order finding that there is no legal basis for any of Plaintiff John L. Corrigan's

ORDER DISMISSING COMPLAINT **-** 1

claims and ask the Court to dismiss the case as a matter of law. ECF No. 22 at 2. Corrigan opposes the motion and asks for leave from the Court to amend his complaint. *See generally* ECF No. 26. Having reviewed the pleadings and the file in this matter, the Court is fully informed and for the reasons detailed below, grants Defendants' motion with leave to amend.

## II. BACKGROUND

The facts regarding Corrigan's initial arrest and subsequent night in jail in April 2011 which underlie this suit have been discussed elsewhere and need not be repeated here. *See* ECF No. 30; ECF No. 1-1 at 11–15; ECF No. 22 at 2–3; ECF No. 13-cv-0116-TOR.

Two legal actions followed Corrigan's arrest and jailing—a civil case over his speeding ticket and a criminal case involving Corrigan's refusal to stop for police. ECF No. 1-1 at 13. The speeding ticket was dismissed but Corrigan was convicted for failing to stop for police. *Id.* On appeal, the conviction was overturned and the court dismissed the action without prejudice. *Id.* at 13–14. The criminal action eventually made its way back to state District Court. ECF No. 1-1 at 14.

Grant County prosecutors refiled a criminal complaint against Corrigan in July 2013. ECF No. 1-1 at 14. Corrigan's complaint in state court—the one removed to this Court—does not identify the state charges against him in July

2013, *id.*, but it is clear from the context that the charges related to Corrigan's failure to stop for police in April 2011. Corrigan also alleges that he filed motions regarding discovery, change of venue, bill of particulars radio tapes, and 911 calls before Judge Barlow. ECF No. 1-1 at 14. All motions were denied except the one concerning the bill of particulars. *Id.* Corrigan also filed a *Knapstad* motion and alleges that the trial judge denied jury instructions regarding the definitions of "willful" and "knowingly." ECF No. 1-1 at 14. Following a trial, Corrigan was found guilty. ECF No. 1-1 at 14.

Corrigan appealed his conviction to the Washington State Superior Court which upheld his conviction. ECF No. 1-1 at 14. On appeal to the Washington State Court of Appeals and the State Supreme Court, Corrigan's conviction was affirmed. *Id.* at 15. Corrigan also appealed to the United States Supreme Court but the Supreme Court denied his request for appeal. ECF No. 1-1 at 15.

Corrigan also filed a case in federal court in March 2013 concerning some, though not all, of the same underlying facts as alleged here. *See* ECF No. 2:13-cv-0116-TOR. On December 10, 2013, Chief Judge Rice granted defendants' motion for summary judgment in that action and closed Corrigan's case. ECF No. 47 of 2:13-cv-0116-TOR.

After Corrigan filed the present suit, Defendants removed the case to this Court on October 4, 2016. ECF No. 1. Corrigan asserts several causes of action:

(1) violation of his federal constitutional rights to due process and fair trial pursuant to 42 U.S.C. § 1983; (2) alleged violations of his First Amendment rights pursuant to 42 U.S.C. § 1983; (3) a claim for alleged denial of due process under the Fifth and Fourteenth Amendments and the Washington State Constitution, Article 1, section 22; (4) "abuse of process"; (5) negligent hiring, supervision, and training; and (6) spoliation of evidence. ECF No. 1-1 at 15–18. Corrigan seeks economic and non-economic damages, punitive damages, injunctive relief, a judgment stating that he was denied due process and his right to a fair trial, and actual costs and expenses. ECF No. 1-1 at 18.

In a separate order, this Court granted Defendant Timothy Kron's motion for summary judgment, finding that res judicata forecloses Corrigan's claims against Kron. ECF No. 30.

### III.     LEGAL STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.     DISCUSSION

Corrigan asserts claims against four types of defendants: (1) law enforcement officers; (2) judges; (3) prosecuting attorneys; and (4) a municipal corporation. ECF No. 1-1 at 9–10. The Court considers Corrigan's damages claims against each type of defendant first before addressing his claim for injunctive relief.

### A.     Corrigan's remaining claims against law enforcement officers are untimely and must be dismissed.

The Court has already granted Kron's summary judgment motion requesting that all claims against him be dismissed. ECF No. 30. Accordingly, the Court only addresses Corrigan's claims against Tom Jones and Scott Ponozzo.

Corrigan alleges that Ponozzo violated 42 U.S.C. § 1983 by "failing to take [him] before a magistrate for a mandatory probable cause hearing as soon as possible after custodial arrest." ECF No. 1-1 at 15. He asserts an "abuse of

ORDER DISMISSING COMPLAINT **-** 5

process" claim against Jones and Ponozzo. ECF No. 1-1 at 16. Lastly, Corrigan alleges two distinct but related claims against Jones. Corrigan asserts that Jones "failed to exercise reasonable care in the training of [his] employees" and that he intentionally did not train, supervise, instruct, or implement policies and procedures which resulted in violations of Corrigan's rights to a fair trial and due process. ECF No. 1-1 at 15–16.

As to Corrigan's claim regarding Ponozzo's alleged failure to take him before a magistrate in a timely manner, Defendants assert, and Corrigan does not contest, that the applicable statute of limitation applies to this claim. ECF No. 22 at 8; ECF No. 26 at 14. Since the applicable statute of limitations is three years, the complained of event occurred in April 2011, and Corrigan agrees that the statute of limitations applies, the Court dismisses this claim. *See Southwick v. Seattle Police Officer John Doe Nos. 1–5*, 186 P.3d 1089, 1092 (Wash. Ct. App. 2008) ("Since there is no statute of limitations for claims under 42 U.S.C. § 1983, the appropriate limitation period for a § 1983 action is the forum state's statute of limitations for personal injury cases, which in Washington is three years.")

Similarly, Corrigan's "abuse of process" claim against Jones and Ponozzo alleges that they denied him "a mandatory probable cause hearing." ECF No. 1-1 at 16. This allegation concerns events that transpired in April 2011 after Corrigan was arrested. Corrigan does not contest that the statute of limitations applies here

ORDER DISMISSING COMPLAINT **-** 6

as well. ECF No. 26 at 14. Accordingly, this claim against Jones and Ponozzo is also brought well past the applicable statute of limitations and is dismissed.

Finally, as to Corrigan's claim against Jones regarding alleged negligent training and intentional failure to train, supervise, instruct, or implement adequate policies and procedures, ECF No. 1-1 at 15–16, the statute of limitations also applies. The only allegations in the complaint regarding actions undertaken by sheriff's officers, and thus implicating their training, pertain to the events of April 2011. Accordingly, the statute of limitations also applies to these claims, Corrigan does not contest its application, and the Court dismisses these claims against Jones as well.

**B.  Corrigan's claims against the judicial-officer defendants must be dismissed.**

Corrigan asserts claims against three judges—John A. Antosz, Brian D. Barlow, and Janis M. Whitener-Moberg. Corrigan alleges that these judicial officers engaged in a conspiracy with prosecutors to deny him a fair trial and due process in violation of the Fifth and Fourteenth Amendments and the Washington State Constitution, Article I, section 22. ECF No. 1-1 at 17. In support of this claim, Corrigan asserts, in relevant part:

> The conduct of the Grant County District Judge Barlow, Grant County District Judge Whitener-Moberg, Grant County Superior Court Judge Antosz, and Deputy Prosecutor Schaff prevented Corrigan from receiving due process and a fair trial. The actions by these defendants constituted conspiracy to unlawfully deprive

ORDER DISMISSING COMPLAINT **-** 7

> Corrigan a fair trial including but not limited to: 1) Judge Barlow denied a legitimate and justified Motion for Change of Venue, violated court rules in quashing subpoenas that prevented Corrigan from getting needed discovery, and unreasonably and unlawfully denied Corrigan police vehicle discovery; 2) Judge Whitener-Moberg should not have presided over this action due to the appearance of bias and prejudice, her failure to include 'willful' and 'knowingly' jury instructions, and failing to allow Corrigan's theory of the case; 3) Judge Antosz's Memorandum Opinion does not justify his conclusions given the support provided for each issue – especially for lack of jury instructions for 'willful' and 'knowingly;' Deputy Prosecutor Schaff relating to prosecutorial misconduct – outrageous interference with Corrigan's discovery attempts, improper interference with jury instructions, and preventing Corrigan from presenting his theory of the case to the jury. Also, the 'crime' was unconstitutionally vague. As a direct and proximate result Corrigan sustained economic and non-economic damages in amounts to be proven at trial.

ECF No. 1-1 at 17.

The Supreme Court has held that a plaintiff suing under § 1983 seeking damages for an allegedly unconstitutional or otherwise harmful conviction or imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 477, 486–87 (1994). If a plaintiff does not prove such invalidation, a claim for damages under § 1983 in such circumstances is not cognizable. *Id.* at 487.

Moreover, it is well established that judges "[a]s a class . . . have long enjoyed a comparatively sweeping form of immunity." *Forrester v. White*, 484

U.S. 219, 225 (1988). In *Forrester*, the Court explained judicial immunity and stated that "[w]hen applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial." *Id.* at 227. It further explained that any difficulty in applying immunity to judges arises when the complained of conduct concerns acts that happen to be performed by judges, rather than "truly judicial acts." *Id.*

Here, Corrigan admits that all his appeals regarding his criminal conviction were unsuccessful. ECF No. 1-1 at 14–15. Moreover, Corrigan objects to decisions the judges named above made in his case regarding motions and other matters concerning his case, which undeniably are judicial acts. Accordingly, his claims against the judicial officer defendants are not cognizable and must be dismissed.

**C. Corrigan's claims against the named prosecutor defendants must be dismissed because immunity applies to the defendants regarding some claims and other claims do not plead sufficient facts to make them plausible.**

Corrigan asserts several causes of action against D. Angus Lee, Patrick Schaff, Ryan J. Ellersick, and Douglas Mitchell, all Grant County prosecutors. The claims include: (1) violation of Corrigan's due process rights and right to a fair trial, which deprived him of liberty and property, and resulted from a decision not to train, supervise, instruct, or implement policies and procedures; (2)

violation of Corrigan's First Amendment rights when Mitchell advised Kron on the phone during Corrigan's initial arrest and when the prosecutor's office reinstated an overturned conviction allegedly in response to Corrigan's lawsuit against Grant County; (3) abuse of process by recharging Corrigan for failure to stop in retaliation for his § 1983 lawsuit; (4) negligent training; (5) Schaff's alleged conspiracy through his actions related to trial; and (6) Lee and Schaff's alleged spoliation of evidence because they did not prevent the destruction of material evidence. ECF No. 1-1 at 15–18.

It is well established that prosecutors are "fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). As to claims 2, 3, and 5, immediately above, the alleged conduct falls within prosecutors' traditional advocate roles, meaning that the prosecutor defendants are immune from suit on these claims. Regarding claims 1, 4, and 6, detailed above, Corrigan's complaint alleges no facts from which the Court could infer that his claims are plausible. Accordingly, the Court dismisses all claims against the prosecutor defendants as well.

**D.     Claims against Grant County are also dismissed.**

"Municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *Eggar v. City of Livingston*, 40 F.3d 312, 314

(9th Cir. 1994) (citation and quotation marks omitted). Corrigan conclusively alleges that Grant County, its Sheriffs and Prosecutors' offices, and these offices' respective heads made such decisions. ECF No. 1-1 at 15–18. Yet, he alleges no facts from which the Court could infer that his allegations that such official sanctions or orders were made are plausible. Accordingly, the claims against Grant County, and its Prosecutor and Sheriff's offices, are dismissed.

**E.     Corrigan's claims for injunctive relief are similarly dismissed.**

Corrigan requests that the Court provide "injunctive relief against the defendants, ordering them to correct the illegal or otherwise inappropriate policies and procedures identified above." ECF No. 1-1 at 18. As detailed above, the Court cannot infer from the complaint a plausible claim that would merit injunctive relief.

Moreover, in order for Corrigan to warrant injunctive relief he would have to show that there is an inadequate remedy at law and that serious risk of irreparable harm would result if injunctive relief is not granted. *Pulliam v. Allen*, 466 U.S. 522, 537–38 (1984) (explaining that the requirements for obtaining equitable relief against any defendant are "a showing of an inadequate remedy at law and of a serious risk of irreparable harm.") (citation omitted).

Here, Corrigan has had his claims heard by several courts, on appeal and in state and federal court. Accordingly, a remedy at law is and has been available which means that injunctive relief is currently inappropriate.

## V. CONCLUSION

For the reasons detailed above, the Court grants Defendants' motion to dismiss. However, the Court will afford Corrigan leave to amend his complaint. The Court urges Corrigan to read this decision carefully so that he understands why the instant complaint has been dismissed and files only cognizable and plausible claims, if any.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants Grant County, D. Angus Lee, Patrick D. Schaff, Ryan J. Ellersick, Douglass R. Mitchell, Janis M. Whitener-Moberg, Brian D. Barlow, Tom Jones, Scott Ponozzo, and John A. Antosz's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), **ECF No. 22**, is **GRANTED**.

**2.** Plaintiff Corrigan may file an amended complaint but the Court reminds him that he must file cognizable and plausible claims. Corrigan must file his amended complaint, should he choose to do so, **no later than September 8, 2017**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se Plaintiff.

**DATED** this 7th day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING COMPLAINT **-** 13